# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 6:13cv572 |
| | § § | **JURY TRIAL DEMANDED** |
| MOTOROLA MOBILITY LLC, AT&T INC., AT&T MOBILITY LLC, VERIZON COMMUNICATIONS, INC., CELLCO PARTNERSHIP INC. D/B/A VERIZON WIRELESS, SPRINT NEXTEL CORPORATION, SPRINT SOLUTIONS, INC., SPRINT SPECTRUM L.P., and BOOST MOBILE, LLC, | § § § § § § § § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR PATENT INFRINGEMENT

Plaintiff Cellular Communications Equipment LLC files this Original Complaint against

Motorola Mobility LLC; AT&T Inc.; AT&T Mobility LLC; Verizon Communications, Inc.;

Cellco Partnership Inc. d/b/a Verizon Wireless; Sprint Nextel Corporation; Sprint Solutions, Inc.;

Sprint Spectrum L.P.; and Boost Mobile, LLC (collectively, the "Defendants") for infringement

of U.S. Patent No. 6,377,804 ("the '804 patent"), U.S. Patent No. 6,819,923 ("the '9923 patent"),

U.S. Patent No. 7,215,962 ("the '962 patent"), U.S. Patent No. 7,941,174 ("the '174 patent"),

U.S. Patent No. 8,055,820 ("the '820 patent"), and U.S. Patent No. 7,218,923 ("the '8923

patent").

**THE PARTIES**

1.      Cellular Communications Equipment LLC ("CCE") is a Texas limited liability company with its principal place of business in Plano, Texas.

2.      Motorola Mobility LLC ("Motorola") is a Delaware limited liability company with its principal place of business in Libertyville, Illinois.  This Defendant may be served with process through its agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

3.      AT&T Inc. is a Delaware corporation with its principal place of business in Dallas, Texas.  This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

4.      AT&T Mobility LLC (with AT&T Inc., "AT&T") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.  This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

5.      Verizon Communications Inc. is a Delaware corporation with its principal place of business in New York, New York.  This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

6.      Cellco Partnership Inc. d/b/a Verizon Wireless (with Verizon Communications Inc., "Verizon") is a Delaware general partnership with its principal place of business in Basking

2

Ridge, New Jersey.  This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

7.     Sprint Nextel Corporation is a Kansas corporation with its principal place of business in Overland Park, Kansas.  This Defendant may be served with process through its agent, Corporation Service Company, 200 S.W. 30th Street, Topeka, Kansas 66611.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

8.     Sprint Solutions, Inc. is a Delaware corporation with its principal place of business in Reston, Virginia.  This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

9.     Sprint Spectrum L.P. is a Delaware limited partnership with its principal place of business in Overland Park, Kansas.  This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  This Defendant does business in the State of Texas and in the Eastern District of Texas.

10.     Boost Mobile, LLC (with Sprint Nextel Corporation, Sprint Solutions, Inc., and Sprint Spectrum L.P., "Sprint") is a Delaware limited liability company with its principal place of business in Irvine, California.  This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

11.     This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 1367.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).   On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

14.     On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,377,804)

15.     CCE incorporates paragraphs 1 through 14 herein by reference.

16.     CCE is the assignee of the '804 patent, entitled "Mobile Communication Systems," with ownership of all substantial rights in the '804 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements.   A true and correct copy of the '804 patent is attached as Exhibit A.

17.     The '804 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

18.     Defendants Motorola and AT&T have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of

the '804 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 3, 4, 5, and 7 by, among other things, making, using, offering for sale, selling and/or importing Motorola mobile devices, including, for example, the Motorola Atrix HD, sold or otherwise distributed by or through AT&T.  These devices are collectively referred to as the "'804 Motorola Devices."

19.     Defendants directly infringe the '804 patent by using the '804 Motorola Devices to practice the claimed methods.  Defendants are thereby liable for direct infringement. Additionally, Defendants are liable for indirect infringement of the '804 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the '804 Motorola Devices to practice the claimed methods.

20.     Each Defendant has had knowledge of the '804 patent, at least as early as service of this Complaint.

21.     On information and belief, despite having knowledge of the '804 patent, Defendants named in this Count have specifically intended and continue to specifically intend for persons who acquire and use the '804 Motorola Devices, including Defendants' customers, to use such devices in a manner that infringes the '804 patent, including at least claims 1, 3, 4, 5, and 7.  Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the '804 Motorola Devices — have and continue to actively induce infringement.

22.     On information and belief, Defendants named in this Count have known and know that their products accused of infringing (and/or components thereof) are a material part of the inventions of the '804 patent, are especially made and/or adapted for use in infringing the '804 patent, and are not staple articles of commerce suitable for substantial non-infringing use.

23.     On information and belief, Motorola and AT&T test, make, use, offer for sale, sell, and/or import the '804 Motorola Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.   Accordingly, Motorola and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

24.     CCE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to CCE in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 6,819,923)

25.     CCE incorporates paragraphs 1 through 14 herein by reference.

26.     CCE is the assignee of the '9923 patent, entitled "Method for Communication of Neighbor Cell Information," with ownership of all substantial rights in the '9923 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements.  A true and correct copy of the '9923 patent is attached as Exhibit B.

27.     The '9923 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

28.     Defendants Motorola and AT&T have and continue to directly infringe one or more claims of the '9923 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 11, by, among other things, making, using, offering for sale, selling and/or importing Motorola mobile devices, including, for example, the Motorola Atrix 2, the Motorola Atrix 4G, and the Motorola Atrix HD, sold or otherwise distributed by or through

AT&T (the "'9923 AT&T Mobile Devices").  These devices are collectively referred to as the "'9923 Motorola Devices."

29.     Defendants directly infringe the apparatus claims of the '9923 patent by making, offering to sell, selling, and/or importing the '9923 Motorola Devices.  Defendants are thereby liable for direct infringement.

30.     On information and belief, each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '9923 patent at least as early as April 2010, when it was disclosed to 3GPP via the European Telecommunications Standards Institute ("ETSI," an organizational member of 3GPP).

31.     On information and belief, despite having knowledge of the '9923 patent and knowledge that they are directly infringing one or more claims of the '9923 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '9923 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

32.     On information and belief, Motorola and AT&T test, make, use, offer for sale, sell, and/or import '9923 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Motorola and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

33.     CCE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 7,215,962)

34.    CCE incorporates paragraphs 1 through 14 herein by reference.

35.    CCE is the assignee of the '962 patent, entitled "Method for an Intersystem Connection Handover," with ownership of all substantial rights in the '962 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements.  A true and correct copy of the '962 patent is attached as Exhibit C.

36.    The '962 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

37.    Defendants Motorola, AT&T, Verizon, and Sprint have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '962 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 2, 11, 12, and 13, by, among other things, making, using, offering for sale, selling and/or importing Motorola mobile devices, including, for example: the Motorola Atrix 2, the Motorola Atrix 4G, and the Motorola Atrix HD, sold or otherwise distributed by or through AT&T (the "'962 AT&T Mobile Devices"); the Motorola Droid 4, the Motorola Droid Bionic, the Motorola Droid Razr, the Motorola Droid Razr HD, the Motorola Droid Razr M, the Motorola Droid Razr Maxx, the Motorola Droid Razr Maxx HD, the Motorola Droid XYBoard 8.2 Tablet, the Motorola Droid XYBoard 10.1 Tablet, and the Motorola Xoom Tablet, sold or otherwise distributed by or through Verizon (the "'962 Verizon Mobile Devices"); and the Motorola Photon Q, sold or otherwise distributed by or through Sprint (the "'962 Sprint Mobile Devices").  These devices are collectively referred to as the "'962 Motorola Devices."

38.     Defendants directly infringe the apparatus claims of the '962 patent by making, offering to sell, selling, and/or importing the '962 Motorola Devices.  Defendants also directly infringe the '962 patent by using the '962 Motorola Devices to practice the claimed methods. Defendants are thereby liable for direct infringement.

39.     Additionally, Defendants are liable for indirect infringement of the '962 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the '962 Motorola Devices to practice the claimed methods.

40.     On information and belief, each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '962 patent at least as early as December 2010, when it was disclosed to 3GPP via ETSI.

41.     On information and belief, despite having knowledge of the '962 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including Defendants' customers, to use such devices in a manner that infringes the '962 patent, including at least claims 1, 2, 11, 12, and 13.  Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the '962 Motorola Devices — have and continue to actively induce infringement.

42.     On information and belief, Defendants named in this Count have known and know that their products accused of infringing (and/or components thereof) are a material part of the inventions of the '962 patent, are especially made and/or adapted for use in infringing the '962 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

43.     On information and belief, despite having knowledge of the '962 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '962 patent, Defendants named in this Count have nevertheless continued their infringing conduct and

disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '962 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

44.     On information and belief, Motorola and AT&T test, make, use, offer for sale, sell, and/or import the '962 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.   Accordingly, Motorola and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

45.     On information and belief, Motorola and Verizon test, make, use, offer for sale, sell, and/or import the '962 Verizon Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.   Accordingly, Motorola and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

46.     On information and belief, Motorola and Sprint test, make, use, offer for sale, sell, and/or import the '962 Sprint Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.   Accordingly, Motorola and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

47.     CCE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 7,941,174)

48.     CCE incorporates paragraphs 1 through 14 herein by reference.

49.     CCE is the assignee of the '174 patent, entitled "Method for Multicode Transmission by a Subscriber Station," with ownership of all substantial rights in the '174 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements.  A true and correct copy of the '174 patent is attached as Exhibit D.

50.     The '174 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

51.     Defendants Motorola and AT&T have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '174 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 6, 9, 14, 18, and 19, by, among other things, making, using, offering for sale, selling and/or importing Motorola mobile devices, including, for example, the Motorola Atrix 2, the Motorola Atrix 4G, and the Motorola Atrix HD, sold or otherwise distributed by or through AT&T (the "'174 AT&T Mobile Devices").  These devices are collectively referred to as the "'174 Motorola Devices."

52.     Defendants directly infringe the apparatus claims of the '174 patent by making, offering to sell, selling, and/or importing the '174 Motorola Devices.  Defendants also directly infringe the '174 patent by using the '174 Motorola Devices to practice the claimed methods. Defendants are thereby liable for direct infringement.

53.     Additionally, Defendants are liable for indirect infringement of the '174 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the '174 Motorola Devices to practice the claimed methods.

54.     On information and belief, each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '174 patent at least as early as August 2010, when it was disclosed to 3GPP via ETSI.

55.     On information and belief, despite having knowledge of the '174 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including Defendants' customers, to use such devices in a manner that infringes the '174 patent, including at least claims 1, 6, 9, 14, 18, and 19.  Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the '174 Motorola Devices — have and continue to actively induce infringement.

56.     On information and belief, Defendants named in this Count have known and know that their products accused of infringing (and/or components thereof) are a material part of the inventions of the '174 patent, are especially made and/or adapted for use in infringing the '174 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

57.     On information and belief, despite having knowledge of the '174 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '174 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '174 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

58.     On information and belief, Motorola and AT&T test, make, use, offer for sale, sell, and/or import the '174 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such

devices.    Accordingly,  Motorola  and  AT&T  are  jointly,  severally,  or  alternatively  liable  for infringements described in this Count.

59.     CCE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to CCE in an amount that adequately compensates it for their  infringements,  which,  by  law,  cannot  be  less  than  a  reasonable  royalty,  together  with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V

### (INFRINGEMENT OF U.S. PATENT NO. 8,055,820)

60.     CCE incorporates paragraphs 1 through 14 herein by reference.

61.     CCE is the assignee of the '820 patent, entitled "Apparatus, System, and Method for  Designating  a  Buffer  Status  Reporting  Format  Based  on  Detected  Pre-Selected  Buffer Conditions,"  with  ownership  of  all  substantial  rights  in  the  '820  patent,  including  the  right  to exclude others and to enforce, sue and recover damages for past and future infringements.  A true and correct copy of the '820 patent is attached as Exhibit E.

62.     The '820 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

63.     Defendants Motorola, AT&T, Verizon, and Sprint have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '820 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 4, 5, 7, 8, 9, 10, 12, 15, 16, 18, 19, 20, and 21, by, among other things, making, using, offering for sale, selling and/or importing Motorola mobile devices, including, for example: the Motorola Atrix HD, sold or otherwise distributed by or through AT&T (the "'820 AT&T Mobile Devices"); the Motorola Droid 4, the Motorola Droid Bionic, the  Motorola  Droid  Razr,  the  Motorola  Droid  Razr  HD,  the  Motorola  Droid  Razr  M,  the

Motorola Droid Razr Maxx, the Motorola Droid Razr Maxx HD, the Motorola Droid XYBoard 8.2 Tablet, and the Motorola Droid XYBoard 10.1 Tablet, sold or otherwise distributed by or through Verizon (the "'820 Verizon Mobile Devices"); and the Motorola Photon Q, sold or otherwise distributed by or through Sprint (the "'820 Sprint Mobile Devices").  These devices are collectively referred to as the "'820 Motorola Devices."

64.     Defendants directly infringe the apparatus claims of the '820 patent by making, offering to sell, selling, and/or importing the '820 Motorola Devices.  Defendants also directly infringe the '820 patent by using the '820 Motorola Devices to practice the claimed methods. Defendants are thereby liable for direct infringement.

65.     Additionally, Defendants are liable for indirect infringement of the '820 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the '820 Motorola Devices to practice the claimed methods.

66.     On information and belief, each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '820 patent at least as early as June 2009, when it was disclosed to 3GPP via ETSI.

67.     On information and belief, despite having knowledge of the '820 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including Defendants' customers, to use such devices in a manner that infringes the '820 patent, including at least claims 1, 4, 5, 7, 8, 9, 10, 12, 15, 16, 18, 19, 20, and 21.  Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the '820 Motorola Devices — have and continue to actively induce infringement.

68.     On information and belief, Defendants named in this Count have known and know that their products accused of infringing (and/or components thereof) are a material part of

the inventions of the '820 patent, are especially made and/or adapted for use in infringing the '820 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

69.     On information and belief, despite having knowledge of the '820 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '820 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '820 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

70.     On information and belief, Motorola and AT&T test, make, use, offer for sale, sell, and/or import the '820 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Motorola and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

71.     On information and belief, Motorola and Verizon test, make, use, offer for sale, sell, and/or import the '820 Verizon Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Motorola and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

72.     On information and belief, Motorola and Sprint test, make, use, offer for sale, sell, and/or import the '820 Sprint Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Motorola and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

15

73.     CCE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VI

### (INFRINGEMENT OF U.S. PATENT NO. 7,218,923)

74.     CCE incorporates paragraphs 1 through 14 herein by reference.

75.     CCE is the assignee of the '8923 patent, entitled "Control of Terminal Applications in a Network Environment," with ownership of all substantial rights in the '8923 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements.  A true and correct copy of the '8923 patent is attached as Exhibit F.

76.     The '8923 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

77.     Defendants Motorola, AT&T, Verizon, and Sprint have and continue to directly infringe one or more claims of the '8923 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 24 and 26, by, among other things, making, using, offering for sale, selling and/or importing Motorola mobile devices, including, for example: the Motorola Atrix HD, sold or otherwise distributed by or through AT&T (the "'8923 AT&T Mobile Devices"); the Motorola Droid 4, the Motorola Droid Razr, the Motorola Droid Razr Maxx, the Motorola Droid Razr HD, the Motorola Droid Razr Maxx HD, and the Motorola Droid Razr M, sold or otherwise distributed by or through Verizon (the "'8923 Verizon Mobile Devices"); and the Motorola Photon Q, sold or otherwise distributed by or through Sprint (the "'8923 Sprint Mobile Devices").  These devices are collectively referred to as the "'8923 Motorola Devices."

16

78.     Defendants directly infringe the apparatus claims of the '8923 patent by making, offering to sell, selling, and/or importing the '8923 Motorola Devices.  Defendants are thereby liable for direct infringement.

79.     On information and belief, Motorola and AT&T test, make, use, offer for sale, sell, and/or import '8923 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Motorola and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

80.     On information and belief, Motorola and Verizon test, make, use, offer for sale, sell, and/or import '8923 Verizon Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Motorola and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

81.     On information and belief, Motorola and Sprint test, make, use, offer for sale, sell, and/or import '8923 Sprint Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Motorola and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

82.     CCE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JOINDER OF PARTIES

83.     CCE incorporates paragraphs 1 through 82 herein by reference.

84.     On information and belief, AT&T, Verizon, and Sprint have each purchased or otherwise acquired from Motorola certain mobile devices for sale, resale, and/or distribution to their customers (and other end users) that are the subject of Counts I through VI (or some subset thereof).  Thus, for these Counts, the right to relief against AT&T, Verizon, and/or Sprint is asserted jointly and severally with Motorola.

85.     The alleged infringements set forth in Counts I through VI arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the testing, making, using, offering for sale, selling, and/or importing of the Motorola mobile devices made the subject of Counts I through VI.

86.     Questions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, Motorola mobile devices.

87.     Thus, joinder of Motorola, AT&T, Verizon, and Sprint is proper in this litigation pursuant to 35 U.S.C. § 299(a).

## JURY DEMAND

CCE hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

CCE requests that the Court find in its favor and against Defendants, and that the Court grant CCE the following relief:

a.     Judgment that one or more claims of the '804, '9923, '962, '174, '820, and '8923 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others whose infringements have been induced by Defendants and/or by others to whose infringements Defendants have contributed;

b.     Judgment that Defendants account for and pay to CCE all damages to and costs incurred by CCE because of Defendants' infringing activities and other conduct complained of herein;

c.      Judgment that Defendants account for and pay to CCE a reasonable, ongoing, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.      That Defendants' infringements relative to the '9923, '962, '174, and/or '820 patents be found willful from the time that Defendants became aware of the infringing nature of their products, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.      That CCE be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

f.      That CCE be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:  August 2, 2013**                    Respectfully submitted,

/s/ Edward R. Nelson, III by permission T. John
Ward, Jr.
Edward R. Nelson, III
enelson@nbclaw.net
Texas State Bar No. 00797142
Brent N. Bumgardner
bbumgardner@nbclaw.net
Texas State Bar No. 00795272
Barry J. Bumgardner
barry@nbclaw.net
Texas State Bar No. 00793424
S. Brannon Latimer
blatimer@nbclaw.net
Texas State Bar No. 24060137
Thomas C. Cecil
tcecil@nbclaw.net
Texas State Bar No. 24069489
Michael J. Fagan, Jr.
mfagan@nbclaw.net
Louisiana State Bar No. 33821
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas  75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
ch@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**